UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-1(b)

Order Filed on August 3, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Kaitlyn R. Campanile, Esq.
GIAIMO & ASSOCIATES, LLC
97 E. River Road
Rumson, New Jersey 07760
(732) 747-8585
kcampanile@giaimoandassociates.com
*Attorneys for Creditor,*
The Oaks at North Brunswick Condominium
Association, Inc.
File No. CL-2450

Case No.: 17-19412-CMG

Chapter 13

Hon. Christine M. Gravelle, U.S.B.J.

In re:

Allen Middleton,

Debtor.

## CONSENT ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

The relief set forth on the following page 2 is ORDERED.

**DATED: August 3, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

1

Applicant: The Oaks at North Brunswick Condominium Association, Inc. ("Association")
Subject Property: 1305 North Oaks Boulevard, North Brunswick, New Jersey
Applicant's Counsel: Kaitlyn R. Campanile, Esq., Giaimo and Associates, LLC

Debtor: Allen Middleton
Debtor's Counsel: Kevin de Lyon, Esq., Raymond and Raymond

Case No.: 17-19412-CMG
Caption of Order: CONSENT ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

For good cause shown, it is **ORDERED** that:

1. The parties entered into a Consent Order on or about April 19, 2018 regarding the Motion for Relief from Automatic Stay that was filed by Creditor Association on March 5, 2018.

2. Per Paragraph 2 of the Consent Order, the Debtor was to remit payment in monthly installments for the outstanding post-petition maintenance and late fees, and the post-petition legal fees were to become part of the Debtor's Chapter 13 Plan. Per Paragraph 3 of the Consent Order, the Debtor was obligated to submit $560.00 within seven (7) days of the entry of this Order, followed by monthly payments of $185.25 by the 15th of each month for twelve (12) consecutive months (up to and including April 1, 2019), for total payment of $2,223.00, representing the post-petition maintenance and late fees arrears as of the Consent Order that was executed on or about April 19, 2018. Additionally, the Debtor was obligated to remit regular future maintenance payments on a timely basis.

3. Per Paragraph 4 of the Consent Order, should the Debtor fail to make any of the arrears payments or maintenance payments within thirty (30) days of the date that the payment is due, the Debtors "agree to execute an additional Consent Order with the Association, vacating the automatic stay as to the collateral, so that the Association will not have to file an additional Motion to Vacate the Automatic Stay at that time."

4. At this time, the Debtor has failed to remit the monthly arrears payments of $185.25 for each month since entrance of the Consent Order, specifically: May, June, and July 2018. Additionally, the Debtor has failed to remit the monthly maintenance payments of $337.00 for each month since entrance of the Consent Order, specifically: May, June and July 2018. Thus, the Debtor has defaulted on Debtor's obligations under the terms of the Consent Order, and therefore, the automatic stay is hereby vacated.

The undersigned hereby consent
To the form and entry of the within Order:

_____  7/24/18
Kevin de Lyon, Esq.
Attorney for Debtor, Allen Middleton

Kaitlyn Campanile  7/24/18
Kaitlyn R. Campanile, Esq.
Attorney for Creditor, The Oaks at North
Brunswick Condominium Association, Inc.

3